UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REMOI CAMPBELL,

      Petitioner,

v.                                                    Case No.   2:26-cv-1205-KCD-KRH

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER OF DISMISSAL

Before the Court is Petitioner Remoi Campbell's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1.) The Court has reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases and concludes that it must be dismissed.

The Antiterrorism Effective Death Penalty Act (AEDPA) governs this action. 28 U.S.C. § 2254. Federal habeas relief may be granted only on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

This is the latest case in a string of habeas and civil rights actions filed by Campbell in the past three years, and it must be dismissed for the same reasons as the others. Namely, even when construed liberally, the petition does not allege any grounds for habeas (or other) relief. Campbell uses the prompts on the pre-printed 28 U.S.C. § 2254 form to comment on his experiences with the justice system, describe the virtues of his new girlfriend, and muse upon life. For example, when asked to provide the facts supporting Ground One—a claim for ineffective assistance of counsel—he asserts:

> I came to the United States on August 17, 2012. I only started to study about law after my 6-25-2025 car accident in Broward County, Florida. But there, my prima facie claim was denied by Judge Sandra Perlman. But by law, I was to be awarded compensation for my property damage and personal injury protection.
>
> She did me wrong. I never had a successful police report processed. My insurance companies denied all of my claims. I wonder what kind of America this is. My experiences here [don't] add up to something of the quality of an American Express Service distributor. I can't understand why government has been so harsh with me.

(Doc. 1 at 5–6.)   When asked to provide the supporting facts for Ground Two, he asserts:

> I have this girl, Nurse Bryson. She loves me. And I am proposing marriage to her.   She is hot!!!

> Well, typically, every girl in the sunshine state belongs to me. Hence, I am indeed very blessed by the creator of Heaven and Earth. And while I might sound a bit ostentatious, the fact that this is a Habeas Petition makes my dream to get her all the more so possible. I am filing 2 cases at once as you'll see the 1983 that is already waiting for postage. I definitely feel like my release from prison is imminent.

(*Id.* at 7.) In ground three of the petition, he merely asserts that additional time in prison is unnecessary for him to improve his legal skills and demands release "right this instance." (*Id.* at 8.) In ground four, he complains about the conditions of confinement at Florida State Prison. (*Id.* at 10.)[1]

Campbell is plainly not entitled to habeas relief based on these allegations. The Court will thus dismiss the petition. *See* Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]"); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

---

[1] The Supreme Court has not recognized habeas corpus as a vehicle to obtain relief on a conditions of confinement claim. *Bell v. Wolfish*, 441 U.S. 520, 527 n. 6 (1979) ("Thus, we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). And the Eleventh Circuit has determined that, even if a prisoner proves that his treatment violates the Eighth Amendment in a habeas corpus action, he "is not entitled to release" as relief. *See Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990); *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law.").

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**ENTERED** in Fort Myers, Florida on June 1, 2026.

Kyle C. Dudek
United States District Judge

4